## MUNOZ v. MERCHANTS NAT. BANK OF ALLENTOWN.

### Civil Action No. 1729.

District Court, E. D. Pennsylvania.

Dec. 29, 1941.

George V. Strong, of Philadelphia, Pa., and Ivan Culbertson, of Wilmington, Del., for plaintiff.

Robert T. McCracken, of Philadelphia, Pa., Arcus Shaffer, of Allentown, Pa., and C. Russell Phillips, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This action was brought against the defendant as the successor to Citizens Deposit and Trust Company. The complaint alleges that in 1914 Citizens was appointed by the Orphans' Court of Northampton County to be guardian of the estate of the plaintiff, who was then a minor. The gist of the action appears to be that Citizens, as guardian, knew that plaintiff was the heir to large holdings of land in Honduras, but failed to administer these estates and permitted them to be sold, at a fraction of their true value, by an aunt of plaintiff under a power of attorney which she obtained from plaintiff's mother in May of 1917, during a one month period in which plaintiff's mother was substituted as guardian of plaintiff's estate.

The questions presented before me relate solely to the request of the defendant, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a bill of particulars. The information sought by the defendant is concerned with discovering what officers of the defendant or its predecessor, likewise a corporation, acted for the defendant or its predecessor in committing the wrongs charged to these corporations by plaintiff, as well as when and where these actions took place. Plaintiff has agreed to amend her complaint to supply this information except with respect to three particular allegations.

The first of these disputed instances is an allegation that Citizens "per-

mitted her (plaintiff's) estate to be managed and controlled by" plaintiff's aunt. Defendant contends that the word "permit" means to grant leave or to authorize, and seeks to know which officer of Citizens plaintiff claims gave such authority. Plaintiff asserts, however, that the word "permit" connotes to suffer or allow by not taking any action to prevent. A dictionary decision of these contentions results in a draw, for both meanings are given. Assuming that plaintiff intended the word "permit" to connote inaction rather than action, she should not be required to advise defendant who it was who did not act for Citizens. While a plaintiff who alleges that a corporation did certain acts should disclose who acted for it, he cannot be expected to say which agent of the corporation did *not* do acts which he claims the corporation should have done. Accordingly, if in her amended complaint plaintiff rephrases this allegation to make it appear that she is charging Citizens with failing to act rather than acting, she need give no particulars.

The other allegations as to which the defendant seeks particulars are that defendant and its predecessor "at all times knew that the power of attorney which had been given * * * by plaintiff's mother" to her aunt "was null and void", and that defendant's predecessor "knew" when it became guardian that it thereupon became its duty to supervise the management and disposition of plaintiff's estate. Defendant seeks to learn by what individual Citizens is alleged to have known these "facts".

It seems obvious that these allegations were not intended to charge Citizens with having acquired information—by a letter from its attorney for example—on the legal effect of the power of attorney or the extent of its duty as guardian of an estate. If Citizens acted in violation of the duties imposed upon it by law, it is probably immaterial whether or not it knew of these duties. Unless, therefore, plaintiff intends to prove that Citizens actually acquired legal advice on this question and knowingly disregarded that advice—a position which plaintiff appeared to disclaim at the argument—it is unnecessary for plaintiff to supply the names of the persons through whom such "knowledge" by Citizens is alleged.

I am further prompted to this conclusion because I feel that the defendant will be able to answer the complaint adequately without such information, if indeed it were available. If defendant requires further information in these respects in order to prepare for trial, the Federal Rules of Civil Procedure provide adequate means of obtaining it.

Plaintiff has agreed that the motion for a bill of particulars be granted except with respect to the matters covered by paragraphs 2, 9 and 10 of the motion. The motion is denied as to those three paragraphs provided plaintiff amends as suggested.

It is so ordered.